**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DESHAWN HUNTER,** ) | **Case No. 5:11 CV 982** |
| ) | **Criminal Case No. 5:07 CR 40** |
| Petitioner, ) | |
| ) | **Judge Dan Aaron Polster** |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

On May 7, 2007, Petitioner DeShawn Hunter pled guilty to one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g).

On May 17, 2011, Petitioner filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence (Case No. 5:11-CV-982, Doc. # 1). In that motion, Petitioner argued that the Court lacked jurisdiction to sentence him. On May 23, 2011, the Court dismissed the motion because it was barred by the statute of limitations, under §2255(f), and because Petitioner knowingly and voluntarily waived his right, pursuant to a written plea agreement, to collaterally attack both his conviction and sentence (Case No. 5:11-CV-982, Doc. # 3).

Since the May 23 Order was issued, Petitioner has filed several motions: motion for reconsideration (Case No. 5:07-CR-40, Doc. # 59); motion to dismiss the indictment (Case No.

5:07-CR-40, Doc. # 60); motion for a relation-back amendment (Case No. 5:11-CV-982, Doc. # 4); and subject-matter jurisdiction motion (Case No. 5:11-CV-982, Doc. # 5). In all of these motions, Petitioner makes the same argument he made in his May 17 *pro se* motion, which is that the Court lacked jurisdiction to sentence him. Petitioner has provided no reason why the Court's previous ruling on the matter was incorrect or should somehow be reconsidered.

In any event, Petitioner's argument that the Court lacked jurisdiction fails on the merits. In support of his argument, Petitioner avers that the United States "failed to allege that any action in count 1 affected interstate commerce." (Case No. 5:07-CR-40, Doc. # 60, at 1). However, as the Government points out, the written plea agreement states, "the firearm and ammunition were manufactured outside the State of Ohio and had moved in interstate commerce." (Case No. 5:07-CR-40, Doc. # 61, Exh. A, at 6). Petitioner agreed to this fact when he signed the plea agreement.

Accordingly, the Court **DENIES** Petitioner's motion for reconsideration (**Case No. 5:07-CR-40, Doc. # 59**), motion to dismiss the indictment (**Case No. 5:07-CR-40, Doc. # 60**), motion for a relation-back amendment (**Case No. 5:11-CV-982, Doc. # 4**), and subject-matter jurisdiction motion (**Case No. 5:11-CV-982, Doc. # 5**).

      **IT IS SO ORDERED.**

      */s/ Dan A. Polster 10/12/11*
      **Dan Aaron Polster**
      **United States District Judge**